Tagged Opinion

ORDERED in the Southern District of Florida on Oct. 29, 2009



Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                    Case No. 08-15360-BKC-LMI

MARCOS SANTIAGO,                          Chapter 13

　　　Debtor.
_____/

## ORDER DENYING CONFIRMATION OF CORRECTED SIXTH AMENDED PLAN

This matter came before the Court on Confirmation of Debtor's Corrected Sixth Amended Plan dated September 30, 2009 (DE #199)[1] (the "Plan") and the Court having considered the Plan, the Debtor's Response to Objection to Confirmation of Fifth Amended Plan[2] (DE #181), the objection of SunTrust Mortgage, Inc. ("SunTrust") to confirmation of Sixth Amended Plan (DE #191), the Chapter Trustee's Amended Objection to Confirmation of Sixth Amended Plan (DE #193), the evidence produced at trial on August 19, 2009, and argument of counsel, as well as the entire record in this case, confirmation of the Debtor's Corrected Sixth Amended Plan is DENIED.

SunTrust objects to the Plan on the grounds that (a) the Plan does not conform with applicable law because it proposes to issue a new note as "value," which new note contains terms

---

[1] The Sixth Amended Plan (DE #180) was filed on August 18, 2009. The corrected Plan was apparently filed to correct a mathematical error.
[2] The Debtor's Response, and the Sixth Amended Plan, were filed as a result of objections raised to the Debtor's Fifth Amended Plan.

different than the current note between SunTrust and Debtor, and which proposes payments that extend beyond the Plan term; (b) the Plan is not feasible because the Debtor has overstated his income and understated his expenses, and cannot make the payments required by the Bankruptcy Code; and (c) the Plan is not proposed in good faith because, among other things, the Debtor has sought (successfully) to bifurcate his loan with SunTrust even though he has never made a single payment to SunTrust on account of the Mortgage[3], notwithstanding the fact that the Debtor rented the real property to his niece for a few months.[4] The Plan also does not provide a meaningful distribution to unsecured creditors.

The Chapter 13 Trustee objects to the Plan because the Plan purports to modify the terms of the secured claim but pay the claim directly rather than through the Trustee. The Trustee argues that when a debtor chooses to modify a claim through a chapter 13 plan rather than maintain payments under the prebankruptcy loan documents, the debtor must pay the claim through the plan and through the trustee.

## Analysis

11 U.S.C. § 1325(a) provides, in pertinent part, that the Court will confirm a chapter 13 plan if:

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
(2) any fee, charge, or amount required under chapter 123 of title 28 [28 USC §§ 1911 et seq.], or by the plan, to be paid before confirmation, has been paid;
(3) the plan has been proposed in good faith and not by any means forbidden by law;

---

[3] The full factual background of the loan between the Debtor and SunTrust is described in this Court's Amended Preliminary Order on Motion to Value Collateral, Motion to Determine Secured Status and Motion to Avoid Lien (DE #116) (the "Modification Opinion"). Capitalized terms not otherwise defined herein will have the meaning set forth in the Modification Opinion.
[4] The Court has previously ruled that a debtor taking advantage of his legal rights does not, in and of itself, demonstrate lack of good faith. *See In re Shula*, 280 B.R. 903 (Bankr. S.D. Ala. 2001).

2

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan –
  (A) the holder of such claim has accepted the plan;
  (B) (i) the plan provides that –
    (I) the holder of such claim retain the lien securing such claim until the earlier of –
      (aa) the payment of the underlying debt determined under nonbankrutpcy law; or
      (bb) discharge under section 1328; and
    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and
  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
  (iii) if –
    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
  (C) the Debtor surrenders the property securing such claim to such holder;

(6) the debtor will be able to make all payments under the plan and to comply with the plan;

(7) the action of the debtor in filing the petition was in good faith;

(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

The Debtor's Fifth Amended Plan proposed to modify the Note but maintain the original maturity date of the Note. SunTrust filed an objection to confirmation of the Fifth Amended Plan (DE #172) arguing that the Bankruptcy Code requires that if a debtor chooses to modify a

secured claim, then all payments on account of the modified claim must be completed within the three-year plan term, unless the Court extends the plan term to five years. Apparently, the Debtor agreed, because in response to the objection the Debtor filed the Response and the Sixth Amended Plan.

In the Sixth Amended Plan, the Debtor proposes to replace the Note with a new note, which new note, in a principal amount equal to the value of the Real Property, bears an interest rate of 5.5% and a term of 27½ years. Citing Justice Thomas' concurring opinion in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), and a footnote in an article written by Adam J. Levitin, *Resolving the Foreclosure Crisis: Modification of Mortgages in Bankruptcy*, Wis. L. Rev. 565, 580, n.40 (2009), the Debtor argues the new note constitutes "property" having a value on the effective date of the plan "not less than the allowed amount of [SunTrust's secured] claim," and therefore the Plan satisfies section 1325(a)(5)(B)(ii).

While, as the Debtor argues, "property" for purposes of section 1325 can include "cash, notes, stock, personal property or real property; in short, anything of value;" *Till*, 541 U.S. at 488, the Debtor cannot propose to distribute such "property" over a period of time that exceeds the plan term. While the Debtor may argue the "distribution" to SunTrust will occur when the new note is delivered to SunTrust, this Court does not agree, because to so hold would allow the Debtor to do indirectly what the Bankruptcy Code does not allow the Debtor to do directly. *Cf. Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (In determining that a chapter 11 plan did not meet the requirements for confirmation, the court held that "whatever equitable powers remain in the bankruptcy court must and can only be exercised within the confines of the Bankruptcy Code."). Thus, this Court is bound by the restrictions of the Bankruptcy Code and

is not free (and, candidly, also not inclined) to circumvent the requirements for confirmation by approving Debtor's contrived artifice.

As held by Chief Judge Queenan in *In re McGregor*, 172 B.R. 718 (Bankr. D. Mass. 1994), the Debtor has two choices. The Debtor may modify the payment terms of the Note, in which case all payments must be completed during the term of the Plan, or the Debtor may continue (maintain) payments under the Note and make "the same payments of principal and interest called for by the note during the life of the plan and during such further period of time as is necessary to have the total principal payments equal the amount of the secured claim as valued by this court. There would then be 'maintenance of payments.'" *Id.* at 721. *See In re Enewally*, 368 F.3d 1165 (9th Cir. 2004). *See generally* Keith M. Lundin, Chapter 13 Bankruptcy, 8-1282 (3d Ed. 2000 & Supp. 2004). Moreover, as argued by the Chapter 13 Trustee in her Amended Objection, where a debtor seeks to use the Chapter 13 plan to modify the rights of a secured creditor, the debtor may not pay the secured creditor directly, but only through the Chapter 13 trustee. *In re Brown*, 244 B.R. 603 (Bankr. W.D. Va. 2000); *In re Ford*, 179 B.R. 821 (Bankr. E.D. Tex 1995). *Accord, In re Clay*, 339 B.R. 784 (Bankr. D. Utah 2006).

Because the Plan seeks to modify the payment terms of the Note, albeit indirectly, and circumvent the payment requirements of the Bankruptcy Code, the Sixth Amended Plan fails to satisfy the requirements of 11 U.S.C. §1332(c) and 11 U.S.C. §1325(a)(5) and is not confirmable.

However, because the Court anticipates the Debtor may seek to file a Seventh Amended Plan, the Court will address one additional objection raised by SunTrust - lack of good faith.[5]

---

[5] The feasibility of any further amended plan will depend on the Debtor's payment obligations under any subsequent plan. Thus, the Court cannot rule on feasibility prospectively. However, there would be no need to hear further evidence on the Debtor's projected disposable income, that evidence having already been presented. Moreover,

Whether a debtor has filed a plan in good faith is determined by reviewing the totality of the circumstances. *Kitchens v. Georgia R.R. Bank & Trust Co. (In re Kitchens)*, 702 F. 2d 885, 888 (11th Cir. 1983). The *Kitchens* court outlined a non-exclusive test to determine whether a chapter 13 case should be dismissed for cause, where the inquiry is whether the petition was filed in good faith. SunTrust argues that the Debtor's lack of good faith in filing the petition and proposing the Plan is evidenced by the Debtor's income fluctuations, the amount of attorney fees ($21,000) sought to be paid through the Plan, especially in light of the small distribution to unsecured creditors, the duration of the Plan in light of the Debtor's income, and the fact that the Debtor filed bankruptcy after having determined to allow SunTrust to foreclose while never making any payments to SunTrust even when the Debtor obtained rental income from the Real Property.

The Court finds that while the fluctuations in the Debtor's income over the last year (between a low of $625.00 and a high of $1,300.00 on a biweekly basis) are significant, the Debtor has been employed at the same job for 19 years and he has an average biweekly income of $900.00. Moreover, while, as SunTrust has pointed out, the Debtor understated his expenses when adjusted, the Debtor still has positive cash flow. However, the adequacy of that cash flow will have to be tested against any future plan filed.

There is no question that the attorney fees are high in this case. However, the Debtor's attorney has litigated several issues before this Court with respect to this Debtor, including two lengthy evidentiary hearings, and has filed many memoranda, most in connection with the attempt to obtain and preserve a home for the Debtor and his daughter. If the Debtor were able to confirm a plan, the Court would be inclined to find the fee amount reasonable under the

---

nothing in this opinion is intended to indicate whether the Court will, in fact, permit the Debtor to file any additional amended plan.

criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). While, ultimately, the Debtor may pay less on account of unsecured claims because of the fees involved, the Court does not find this factor to be indicative of lack of good faith under these circumstances. Moreover, in light of the changes to the Bankruptcy Code, a debtor's financial commitment under a plan is judged primarily by satisfaction of the statutory requirements. Of course, as noted by Judge Murphy in *In re Shelton*, 370 B.R. 861, 867 (Bankr. N.D. Ga. 2007), a bankruptcy court should continue to view the totality of the circumstances "to consider not only the honesty of a debtor, but also a debtor's motivation in proposing her plan."

Finally, while it is troubling that, prior to bankruptcy, the Debtor obtained some income from the Real Property for a few months without payment to SunTrust, that fact standing alone is not sufficient to carry the stain of lack of good faith in the absence of other factors. However, notwithstanding this Court's finding regarding good faith, should there be a subsequent plan the provisions of which give rise to additional good faith concerns, nothing in this order precludes any party in interest from raising appropriate objections to such plan.

Because the Court finds that the Debtor has failed to prove each of the required elements of 11 U.S.C. §1325 for confirmation, confirmation of the Corrected Sixth Amended Plan is DENIED.

###

Copies furnished to:
Nancy Herkert, Chapter 13 Trustee
Jordan Bublick, Esq.
Stacy Bressler, Esq.

*Attorney Bublick is directed to mail a conformed copy of this Order to all interested parties and file a certificate of service with the Clerk of Court.*

7